IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES COMING,

    Petitioner,                    No. 2: 12-cv-1454 KJN P

    vs.

GARY SWARTHOUT,

    Respondent.                ORDER

_____/

I. Introduction

    Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 11, 2012, petitioner consented to the jurisdiction of the undersigned.

    The petition raises three claims. First, petitioner alleges that the 2011 decision by the California Board of Parole Hearings ("BPH") finding him unsuitable for parole was not supported by sufficient evidence in violation of his right to due process. Second, petitioner alleges that the BPH's 2011 decision to conduct his next suitability hearing in three years violated the Ex Post Facto Clause. Third, petitioner alleges that the Superior Court did not adequately review his claims.

////

1

For the following reasons, this action is dismissed because petitioner is not entitled to relief. Rule 4 of Federal Rules Governing Section 2254 Cases (if it appears from petition that petitioner is not entitled to relief, the court may dismiss the petition).

II. Discussion

    A. Claim One – Due Process

Petitioner argues that the BPH's 2011 decision finding him unsuitable for parole was not supported by sufficient evidence in violation of his right to due process. Petitioner argues that the BPH improperly relied on a rules violation report from 2008. Petitioner also argues that the BPH improperly found that he lacked insight. Petitioner also argues that the BPH improperly characterized his self-help and vocational record.

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause, and then show that the procedures used to effect the deprivation were not constitutionally sufficient. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from the Due Process Clause of the United States Constitution either "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest."

1  Greenholtz, 442 U.S. at 12; see also Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987) (a
2  state's use of mandatory language ("shall") creates a presumption that parole release will be
3  granted when the designated findings are made.).
4        California's parole statutes give rise to a liberty interest in parole for which "the
5  Due Process Clause requires fair procedures for its vindication." Swarthout v. Cooke, 131 S. Ct.
6  859, 862 (2011). In California, a prisoner is entitled to release on parole unless there is "some
7  evidence" of his or her current dangerousness. In re Lawrence, 44 Cal. 4th 1181, 1205-06, 1210
8  (2008); In re Rosenkrantz, 29 Cal. 4th 616, 651-53 (2002). However, in Swarthout the United
9  States Supreme Court held that "[n]o opinion of [theirs] supports converting California's 'some
10 evidence' rule into a substantive federal requirement." Swarthout, 131 S. Ct. at 862-63. In other
11 words, the Court specifically rejected the notion that there can be a valid claim under the
12 Fourteenth Amendment for insufficiency of evidence presented at a parole proceeding. Id.
13 Rather, the protection afforded by the federal due process clause to California parole decisions
14 consists solely of the "minimal" procedural requirements set forth in Greenholtz, specifically "an
15 opportunity to be heard and . . . a statement of the reasons why parole was denied." Id. at
16 862-63. These considerations constitute "the beginning and the end of the federal habeas court's
17 inquiry into whether [a petitioner] received due process" before a parole board. Id. at 862.
18       Petitioner submitted a transcript from the at-issue 2011 parole suitability hearing.
19 (Dkt. No. 7.) This transcript indicates that petitioner had an opportunity to be heard and was
20 given a statement of reasons why parole was denied. (Id.) According to the United States
21 Supreme Court, the federal due process clause requires no more. For this reason, this claim is
22 dismissed.
23       B.  Claim Two – Ex Post Facto
24       Petitioner next contends that the BPH's application of "Marsy's Law" (adopted by
25 the voters pursuant to Proposition 9, the "Victims' Bill of Rights Act of 2008: Marsy's Law"), to
26 defer his next parole hearing for three years, violated the Ex Post Facto Clause of the United

States Constitution.

Prior to the enactment of Marsy's Law, indeterminately-sentenced inmates, like petitioner, could be denied parole hearings for no more than one year unless the Board found, with stated reasons, that it was unreasonable to expect that parole could be granted the following year; in such instances, the next parole hearing could be deferred for a period up to five years. Cal. Penal Code § 3041.5(b)(2) (2008). Now, Marsy's Law authorizes deferral of a subsequent parole hearing for a period up to fifteen years. Cal. Pen. Code, § 3041.5(b)(3) (2009). The shortest interval that the Board may set is three years, based on a finding that the prisoner "does not require a more lengthy period of incarceration . . . than seven additional years." Id., § 3041.5(b)(3)(C). Under the terms of the amended statute, petitioner's next parole hearing was deferred for a period of three years. (See Dkt. No. 7 at 87 (BPH transcript where next suitability hearing deferred for three years).)

The federal Constitution provides that, "No State shall . . . pass any . . . ex post facto Law." U.S. Const. art. I, § 10. A law violates the Ex Post Facto Clause of the Constitution if it: (1) punishes as criminal an act that was not criminal when it was committed; (2) makes a crime's punishment greater than when the crime was committed; or (3) deprives a person of a defense available at the time the crime was committed. Collins v. Youngblood, 497 U.S. 37, 52 (1990). The Ex Post Facto Clause "is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts." Himes v. Thompson, 336 F.3d 848, 854 (9th Cir. 2003) (citations and internal quotations omitted); see also California Dept. of Corrections v. Morales, 514 U.S. 499, 504 (1995). The Ex Post Facto Clause is also violated if: (1) state regulations have been applied retroactively to a defendant; and (2) the new regulations have created a "sufficient risk" of increasing the punishment attached to the defendant's crimes. Himes, 336 F.3d at 854.

However, not every law that disadvantages a defendant is a prohibited ex post facto law. The retroactive application of a change in state parole procedures constitutes a

prohibited ex post facto law only if there exists a "significant risk" that such application will increase the punishment for the crime. See Garner v. Jones, 529 U.S. 244, 255 (2000).

Previous amendments to California Penal Code § 3041.5, allowing for longer periods of time between parole suitability hearings, have been upheld against challenges that they violated the Ex Post Facto Clause. See Morales, 514 U.S. at 509 (1981 amendment to § 3041.5, which increased maximum deferral period of parole suitability hearings to five years, did not violate the Ex Post Facto Clause because it simply altered the method of setting a parole release date and did not create a meaningful "risk of increasing the measure of punishment attached to the covered crimes"); Watson v. Estelle, 886 F.2d 1093, 1097-98 (9th Cir. 1989) (not a violation of the Ex Post Facto Clause to apply § 3041.5(b)(2)(A) to prisoners sentenced to life imprisonment prior to implementation of California's Determinate Sentence Law in 1977); Clifton v. Attorney General Of the State of California, 997 F.2d 660, 662 n.1 (9th Cir. 1993) (same); see also Garner, 529 U.S. at 249 (upholding Georgia's change in the frequency of parole hearings for prisoners serving life sentences, from three to eight years, in an action brought pursuant to 42 U.S.C. § 1983).

After reviewing the facts applicable to petitioner's ex post facto claim, clearly established federal law as determined by the Supreme Court, and California statutes and regulations related to the frequency of subsequent parole hearings, the court finds that petitioner's Ex Post Facto claim is without merit. As discussed above, as in Morales and Garner, the BPH can expedite a suitability hearing if it believes an inmate should be paroled. See Cal. Penal Code § 3041.5(b)(4) ("The board may in its discretion . . . advance a hearing . . . when a change in circumstances or new information establishes a reasonable likelihood that consideration of the public and victim's safety does not require the additional period of incarceration . . . ."); see also id., § 3041.5(d) (1) ("An inmate may request that the board exercise its discretion to advance a hearing. . . .").

////

For the reasons discussed above, petitioner is not entitled to relief on his Ex Post Facto claim. Accordingly, this claim is dismissed.[1]

### C. Claim Three – Alleged Inadequate Review

Petitioner alleges that the state Superior Court erred when it upheld the application of Marsy's Law by the BPH. It appears that petitioner is arguing that the state court improperly applied federal law in denying petitioner's claim alleging that application of Marsy's Law violated the Ex Post Facto Clause. As discussed above, petitioner's Ex Post Facto claim is without merit.

In any event, alleged errors in the state post-conviction review process are generally not addressable through federal habeas corpus proceedings. See Villafuerte v. Stewart, 111 F.3d 616, 632 n. 7 (9th Cir. 1997) (claim alleging denial of due process in state habeas corpus proceedings not addressable in section 2254 proceedings); Application of Gordon, 157 F.2d 659, 660 (9th Cir. 1946) (allegation that state court decided appeal improperly not enough to state a claim in federal habeas).

For the reasons set forth above, petitioner's claim three is dismissed as without merit.

////

////

---

[1] Petitioner is informed that there is a civil rights class action, filed pursuant to 42 U.S.C. § 1983, that is currently pending in this court, in which it is alleged that "Marsy's Law" violates the Ex Post Facto Clause of the Constitution. The action is Gilman v. Fisher, Case No. 2:05-cv-0830 LKK GGH P, and the classes of persons identified as plaintiffs therein are: (1) "all California state prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008;" (2) "all California state prisoners who have been sentenced to a life term with possibility of parole and have reached eligibility for a parole consideration hearing;" and (3) "all California state prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008." See id., Order filed April 25, 2011 (Dkt. No. 340 at 2). Petitioner may be a member of one or more of these classes. In general, a member of a class action may not pursue an individual action for equitable relief that is also sought by the class. See e.g. Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979).

6

V. <u>Conclusion</u>

        For the reasons discussed above, this action is dismissed. Petitioner has requested appointment of counsel. Because this action is dismissed, this request is denied.

        Accordingly, IT IS HEREBY ORDERED that:

    1. Petitioner's motion for appointment of counsel. (Dkt. No. 3) is denied;

    2. This action is dismissed;

    3. A certificate of appealability is not issued.

DATED: July 20, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

co1454.dis